IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA            )
                                    )        CRIMINAL NO. 1:11-CR-573
v.                                  )
                                    )        Sentencing Date: June 20, 2014
JAIRO CARDONA,                      )
                                    )        The Honorable Leonie M. Brinkema
            Defendant.              )

**MOTION FOR ONE LEVEL REDUCTION PURSUANT TO U.S.S.G § 3E1.1(b) AND
POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by its attorney, Dana J. Boente, the United States Attorney,

and Michael P. Ben'Ary, Assistant United States Attorney, and in accord with the United States

Sentencing Commission, *Guidelines Manual*, § 6A1.2, and the policy of this Court, files its

position on the sentencing of the defendant, Jairo Cardona.   The United States moves for a

one-level reduction of the defendant's Sentencing Guidelines level pursuant to U.S.S.G §

3E1.1(b) in recognition of the defendant's timely guilty plea.    Based on the sentencing factors

discussed below, the United States respectfully recommends a sentence including a significant

period of incarceration.

   I.     **ARGUMENT**

        A. **Guidelines Enhancement for Use of Non-Commercial Aircraft**

        Section 2D1.1(b)(3)(A) sets forth a two-level enhancement if "the defendant unlawfully

imported or exported a controlled substance under circumstances in which [] an aircraft other than

a regularly scheduled commercial air carrier was used to import or export the controlled substance

… ."   U.S.S.G. § 2D1.1(b)(3)(A).   By the plane language of the provision, the enhancement only

applies when the defendant uses a non-commercial aircraft to import cocaine into the United

States, and not to some other country on the way to the United States.   See United States v. Joelson, 7 F.3d 174 (9th Cir. 1993); but see United States v. Iacullo, 140 Fed. Appx. 94, 103 (11th Cir. 2005) (unpublished) (affirming two-level enhancement where private plane was used to transport controlled substances from Colombia to the Bahamas, en route to the United States). Additionally, there is support for the proposition that this enhancement does not apply to defendants who were not personally involved in the act of importation.   See, e.g., United States v. Biao Huang, 687 F.3d 1197, 1205 (9th Cir. 2012) (recognizing that § 2D1.1(b)(3) is limited to defendants with direct involvement in importation or exportation, as opposed to other enhancements that are not limited in that fashion).

In this case, non-commercial aircraft were used to transport cocaine from South America to Central America, but the cocaine was imported into the United States using other means of transportation.   Additionally, the defendant was not personally involved in any flights transporting narcotics.   While he may have been involved in coordinating flights, coordinating pilots, and purchasing aircraft, this does not seem to be the type of direct involvement required in order for the enhancement under this section to apply.   For those reasons, the United States agrees with the defendant that this two-level enhancement should not apply in this case.

### B. Nature and Circumstances of the Offense

The defendant was involved with major Colombian and Mexican cocaine traffickers in a long-term conspiracy that caused the distribution of numerous, multi-hundred kilogram, shipments of cocaine destined for resale in the United States.   The harm that this cocaine caused in the United States is difficult to quantify, but can only be properly described as enormous.   Each kilogram of cocaine that this defendant helped to import into the United States helped to enrich domestic drug traffickers, harmed neighborhoods and communities, caused deterioration of

families, and fed individual addictions.   In weighing this factor, it is clear that this type of prolonged criminal conduct involving this volume of cocaine merits a severe penalty.

### C.  History and Characteristics of the Defendant

Despite his long-term involvement in cocaine trafficking, the defendant has no known criminal history.   Additionally, it is clear that the height of the defendant's involvement in cocaine trafficking was in the early to mid-2000's, and that his involvement dropped significantly after that time.   That the defendant backed away from heavy involvement in cocaine trafficking bodes well for his rehabilitative potential and the risk of recidivism.   These facts mitigate in favor of a more lenient sentence than the Court would otherwise impose for such significant criminal conduct.

### D.  Promoting Respect for the Law and Deterrence

Proving a general deterrent to other international drug traffickers should be a central consideration in this case.   Cocaine is not produced domestically, and the prosecution of drug traffickers from source countries, like Colombia, can have a dramatic impact on drug crime in the United States.   Those who manufacture cocaine and distribute it outside of the United States for resale within the United States need to be aware that they will be found and prosecuted, even if they escape consequence in their own country for a decade or longer.   The sentence imposed here must send that message.

**II.    CONCLUSION**

For the reasons set forth above, the United States respectfully recommends that the Court

impose a sentence that includes a significant period of incarceration.

Respectfully submitted,

Dana J. Boente
United States Attorney


_____/s/_____
Michael P. Ben'Ary
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:    703-299-3700
michael.ben'ary2@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that on this 13th day of June 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

       Scott Kalisch, Esq.
       John Zwerling, Esq.
       Counsel for Jairo Cardona

       I certify that I will cause a copy to be delivered to:

       Quentin T. Lowe
       United States Probation Officer
       401 Courthouse Square
       Alexandria, VA 22314

                                     /s/
                                     Michael P. Ben'Ary
                                     Assistant United States Attorney
                                     United States Attorney's Office
                                     Justin W. Williams U.S. Attorney's Building
                                     2100 Jamieson Avenue
                                     Alexandria, Virginia 22314
                                     Telephone:   703-299-3700
                                     michael.ben'ary2@usdoj.gov

5